UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:14-CV-347-JGH

RYDER INTEGRATED LOGISTICS,
INC.                                                                          PLAINTIFF

v.

CORDELL TRANSPORTATION CO LLC,
APEX EXPRESS, INC., and
MITCHELL W. TURNER                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Defendant Apex Express, Inc. has moved to dismiss Plaintiff Ryder Integrated Logistics, Inc.'s complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Apex claims that Ryder has not alleged any cause of action against it. The Court disagrees and so denies the motion to dismiss.

Complaints must put forth "enough facts to state a claim to relief that is probable on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When addressing 12(b)(6) motions, this Court will take all well-pled allegations as true and view the allegations in the light most favorable to the non-movant. *DIRECTV, Inv. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). In sum, complaints "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).

The Court believes the complaint sufficiently alleged that Apex bears *respondeat superior* liability. Under Kentucky law, an employer can be held vicariously liable through the doctrine of *respondeat superior* for tortious acts of employees committed in the scope of the

employment. *Papa John's Int'l, Inc. v. McCoy*, 244 S.W.3d 44, 50 (Ky. 2008). In its complaint, Ryder alleges that Mitchell W. Turner was an employee of "Defendant Cordell Transportation Co., LLC and/or Apex Express, Inc. on January 16, 2013 and was acting within the course and scope of that employment at the time he negligently operated a motor vehicle in a manner causing it to strike the Ryder Integrated Logistics, Inc. vehicle." DN 1, Page ID # 2-3. This is sufficient for an allegation of *respondeat superior* liability. It alleges tortious conduct, committed by Turner—an employee of Apex—during the scope of his employment with Apex. The Court will not doom a complaint based on a hyper-technicality, like not explicitly saying "*respondeat superior*," in the complaint. As well, the Court is unconcerned that, at this stage, Ryder has alleged that Cordell "and/or" Apex employed Turner. Ryder's well-pled complaint has put Apex on notice of what it must defend against. Discovery will allow the parties to determine the inter-relationship amongst the three defendants. If it becomes clear that Apex was not an employer of Turner, then that may be addressed on summary judgment. But, for now, the complaint alleges enough for this case to proceed against each defendant.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant Apex Express, Inc.'s motion to dismiss is DENIED.

cc: Counsel of Record